**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

---

LUIS RODOLFO SOLIS SINAY,     :
          Petitioner,     :
                      :
          v.           :     No.    2:26-cv-5286
                      :
JL JAMISON, *et al.*,       :
          Respondents.     :

---

# O R D E R

**AND NOW,** this 10th day of August, 2026, upon consideration of the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in Opposition, ECF No. 4;[2] and for the reasons set forth in this Court's Opinions issued in *Restrepo v. Jamison*, No. 2:25-cv-06518 at ECF No. 16 (E.D. Pa. January 20, 2026) and *Mirdjalilov v. Fed. Det. Ctr. Phila*, No. 2:25-cv-07068 at ECF No. 9 (E.D. Pa. January 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

---

[1]    Petitioner Luis Rodolfo Solis Sinay entered the United States in July 2018.  *See* Pet. ¶ 18, ECF No. 1. Solis Sinay lived and worked in Chalfont, Pennsylvania. *See id.* ¶¶ 19-20. "On or about July 25, 2026, [Department of Homeland Security ("DHS")] officials arrested [] Solis Sinay while he was going to work." *Id.* ¶ 21. DHS is currently detaining Solis Sinay at the Philadelphia Federal Detention Center. *See id.* ¶ 22; *see also* ECF No. 1-1 (the inmate locator for Solis Sinay). "DHS purports to hold [] Solis Sinay under 8 U.S.C. § 1225(b)(2)(A), a mandatory detention statute." Pet. ¶ 2. Solis Sinay filed the instant habeas Petition on July 28, 2026. *See id.* He alleges that his detention violates: (1) the Immigration and Nationality Act ("INA"); (2) the Administrative Procedure Act ("APA"); (3) Fifth Amendment substantive due process; and (4) Fifth Amendment procedural due process. *See id.* ¶¶ 44-63.

[2]    On July 30, 2026, the Government filed a Response, arguing that the Court should deny habeas relief for the reasons set forth in its responses filed in hundreds of these cases in the Eastern District of Pennsylvania. *See* Resp. 1-2, ECF No. 4. Such responses have argued, *inter alia*, that (1) the petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); (2) the detention does not violate Constitutional due process; (3) neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction; and (4) exhaustion is not required. *See, e.g.* No. 2:25-cv-06518 at ECF No. 7.

[3]    These opinions addressed similar habeas claims and rejected the Government's arguments. These opinions are only two of dozens of analogous cases decided in this District. In a manner consistent with other recent decisions in this District, this Court found that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United

1
081026

1.      The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED in part**,[4] as follows:

    A.  Petitioner Luis Rodolfo Solis Sinay is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);

    B.  **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a); and

    C.  If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody.

2.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required.

[4]      Solis Sinay's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of his claims based on violations of the APA and due process. Because the Petition seeks relief in the form of immediate release, it is granted in part, by first ordering a bond hearing, and then ordering his immediate release if a bond hearing is not timely provided. To the extent he seeks attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), his request is denied for the reasons set forth in the Opinion issued in *Moreno Ramirez v. Jamison, et al.*, No. 2:25-cv-07346 at ECF No. 15 (E.D. Pa. July 13, 2026), which is incorporated herein.